# Bank *v.* Perdriaux et al.

## [AUGUST 17, 1844.]

The service of a summons will be set aside, if it appear that the copy served was not "attested" by the officer.

THIS was a rule to show cause why the service of the summons should not be set aside.

The following is the return of the sheriff, which it was moved to set aside.

"Served each of the within named defendants by giving them a true and attested copy of the within writ, and making known to them the contents thereof."

"August 9th, 1844. The above return is amended upon leave granted by the court, by striking out the words 'and attested.'"

*W. A. Porter*, for the rule.—This writ was improperly served. There are four modes of serving a summons. *Purdon's Digest*, p. 45. The legislature intended no others should be adopted. The third mode directs that the defendant shall be served "by giving him notice of its contents, and by giving him a true and attested copy thereof." In 1 *Sugden on Powers*, pp. 304–331, the meaning and application of the word *attested* are discussed at length. It is best rendered by our Saxon word *witnessed*. The defendant shall receive a copy of the original writ, witnessed by one or more persons. This is the only means of determining whether or not it be a true copy. There is no better reason why the act of assembly should be departed from in serving a summons, than in executing a will or assigning a bond. In the service of writs there is no safety either to plaintiff or defendant, but in following the directions of the act. The practice hitherto has been uniform.

[ Bank *v.* Perdriaux. ]

*H. M. Phillips*, contra.—The act of assembly directs only that an exact copy of the summons shall be served. The officer must satisfy himself of the fact. Neither he nor any one else is commanded to write his name on the writ. This objection to the service has come too late. It ought to have been made at the earliest moment. The court has been in session several times since the return of the sheriff was made. An appearance *de bene esse* was also entered for the defendants. It would be extending the use of this mode of appearance too far, to sustain this objection now. An affidavit of defence has also been filed by one of the defendants. They must either be in court or out of it. They must make their election. That has been done by filing the affidavit. This is a technical objection that ought not to be favoured.

SERGEANT, J.—I do not see how the court can refuse to set aside the service of this writ. The act commands that a true and attested copy shall be served. This language is too plain to be misunderstood. The sheriff has not conformed to the directions of the act. The evils of a loose practice in the service of writs are innumerable, and should be guarded against. This motion seems to have been made as early as practicable. If the appearance had not been entered, the defendants might have encountered other difficulties. An affidavit of defence was filed by only one defendant. The others cannot be prejudiced by this act. Rule absolute.*

---

* The practice in this state is, on motion to the court, at the instance of the defendant, to set aside a sheriff's return, when the writ is defectively served. The defendant may enter an appearance *de bene esse*, and ask the judgment of the court as to the legality of the service. But this does not extend further than to set aside the sheriff's return. The writ remains good, and the plaintiff may either discontinue his suit, at his election, rule the sheriff to make a good return, and issue an *alias*, or sue the sheriff for a false or insufficient return. *Winrow* v. *Raymond*, 4 Barr 501. A summons cannot be served by leaving a copy at the counting-house of the defendant. *Ibid.*